The Himmel Brothers Company v. Commissioner.
Himmel Bros. Co. v. Commissioner
Docket No. 40518.
United States Tax Court
1953 Tax Ct. Memo LEXIS 31; 12 T.C.M. (CCH) 1388; T.C.M. (RIA) 53395; December 8, 1953
*31 George B. Lourie, Esq., 161 Devonshire Street, Boston, Mass., and Arnold R. Cutler, Esq., for the petitioner. John M. Doukas, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $34,435.60 in income taxes of the petitioner for 1948. The only issue is whether the amount of $89,164.78, deducted by the petitioner as an ordinary and necessary expense, representing royalties accrued by the petitioner for 1948 payable to Fred and Isidore Himmel, were not deductible because unreasonably large in amount. Findings of Fact The petitioner, a corporation engaged in the manufacture of metal store fronts, filed its return for 1948 with the collector of internal revenue for the district of Connecticut. The petitioner used in its business valuable patents on machines, materials and designs of articles based upon inventions of Fred and Isidore Himmel. It was permitted to use those patents by reason of an agreement entered into with the inventors under which it was required to pay them as royalties 10 per cent of the gross sales price of all articles manufactured and sold which required the use of one or more *32 of the patents. The amount of the royalties incurred for 1948 under the agreement then in effect was $89,164.78. That amount of royalties was reasonable for the necessary use made of the patents in the business of the petitioner during 1948 and represents an ordinary and necessary expense of the petitioner for 1948. The Commissioner erroneously disallowed that amount of $89,164.78 as a deduction in determining the deficiency. All facts stipulated by the parties are incorporated herein by this reference. Opinion MURDOCK, Judge: This case presents only a question of fact. The Commissioner would disallow the entire amount of royalties accrued on the ground that they were unreasonable in amount. The testimony of all witnesses and all of the other evidence has been carefully considered in reaching the conclusion that the deduction of $89,164.78 was reasonable in amount and allowable as an ordinary and necessary expense of the business of the petitioner for 1948. Decision will be entered under Rule 50.